# Richmond.

## McCormick v. McCormick.

### November 14, 1918.

1. APPEAL AND ERROR—*Divorce—Affirmed.*—In a suit by a wife against her husband, praying a divorce on the grounds of cruelty, desertion and incurable impotency, and for suit money, counsel fees and alimony, the husband answered, denying all of the allegations of the bill, and alleging desertion by his wife, without sufficient cause, and prayed that his answer might be treated as a cross-bill, and that he be decreed a divorce *a mensa* from his wife on account of such desertion. The judge of the trial court refused the prayer of the bill of the wife for a divorce, but granted the prayer of the husband's cross-bill, and awarded him a divorce *a mensa et thoro* on the ground of desertion, which was subsequently enlarged and merged into a decree of divorce from the bond of matrimony. After a careful consideration of the record, the Supreme Court of Appeals was unable to discover any substantial error to the prejudice of the appellant in the decrees of the trial court.

Appeal from a decree of the Circuit Court of Rockbridge county. Decreed for defendant on his cross-bill. Complainant appeals.

The opinion states the case.

*Affirmed.*

*Hugh A. White, C. C. Burkley,* for the appellant.

*Timberlake & Nelson,* for the appellee.

Per Curiam.

The bill in this cause, with supplement and amendment, was filed by a wife against her husband, praying a divorce on the grounds of cruelty, desertion and incurable impotency, and for suit money, counsel fees and alimony. The husband answered, denying all of the allegations of the bill, and alleging desertion by his wife, without sufficient cause. He prayed that his answer might be treated as a cross-bill, and that he be decreed a divorce *a mensa* from his wife on account of such desertion. Suit money, counsel fees and temporary alimony at $25.00 per month was decreed to the wife. Depositions at great length were taken on both sides, and the testimony of the parties, under the permissive provision of the statute (Acts 1914, p. 154), was taken before the trial judge *ore tenus* in vacation. This testimony was taken down by a stenographer and is a part of the record before the court. There was also much documentary evidence composed chiefly of the correspondence between the parties. The judge of the trial court, in a carefully prepared written opinion, made a part of the record, refused the prayer of the bill of the wife for a divorce, but granted the prayer of the husband's cross-bill, and awarded him a divorce *a mense et thoro* on the ground of desertion, which was subsequently enlarged and merged into a decree of divorce from the bond of matrimony. The decree for the divorce *a mensa* also terminated the allowance of alimony at $25.00 per month. From these two decrees an appeal and supersedeas was allowed. Pending this appeal, the complainant has filed a petition asking for the payment of alimony at $25.00 per month from the date of the decree terminating its allowance to the present time, which decree was superseded by an order of this court, and for counsel fees in the prosecution of her appeal in this court.

The evidence on one of the main issues in the cause is

not fit to print in an opinion of this court, but, after a careful consideration of the whole record, the court has been unable to discover any substantial error to the prejudice of the appellant in the decrees of the trial court, and they will therefore be affirmed.

The order of this court affirming the decree of the circuit court made February 19, 1917, terminating the monthly allowance of alimony, affirms it as of its date, and leaves it in effect as fully as if no appeal and supersedeas had been awarded, hence no alimony has accrued since that date.

For the prosecution of appellant's appeal in this court, the court is of opinion that $200.00 is a reasonable fee to be paid to her counsel and that the same should be paid by the appellee, and that there should be no other decree for costs in the cause.

*Affirmed.*